828 P.2d 338

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Mitchell PETERSON, Defendant–Appellant.**

**No. 19146.**

Court of Appeals of Idaho.

March 18, 1992.

Alan E. Trimming, Ada County Public Defender, Tim Hansen (argued), Deputy Atty. Gen., Boise, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman (argued), Deputy Atty. Gen., Boise, for plaintiff-respondent.

SILAK, Judge.

This is an appeal from the district court's denial of Mitchell Peterson's Motion for Correction of Judgment. In his motion, Peterson argued that the district court erred by refusing to give him credit for time served prior to imposition of his sentence, as well as for time he served after sentencing as a condition of his probation. The district court denied Peterson's motion, and Peterson appeals. We reverse and remand.

## FACTS AND PROCEDURAL BACKGROUND

Mitchell Peterson was arrested and detained on charges of burglary and grand theft in late April, 1983. On October 31, 1983, Peterson pled guilty to first degree burglary, a felony, I.C. §§ 18–1401, –1402, –1404, and grand theft, a felony, I.C. §§ 18–2403(1), –2407(1). On January 30, 1984, the district court sentenced Peterson to a seven-year indeterminate period of confinement on each count, with the sentences to run concurrently. The court then suspended execution of the sentences and placed Peterson on probation for seven years. Peterson had been incarcerated for approximately nine months before he was sentenced and released on probation.

Nearly five years later, Peterson was again before the district court on charges that he had violated the terms of his probation. After Peterson admitted violating his probation, the district court, on February 27, 1989, decided to reinstate Peterson's probation on condition that he serve one year in the Ada County Jail. The district court stated it would credit the 46 days Peterson had been in confinement during the pendency of the probation violation proceedings toward Peterson's one-year jail term. Peterson accepted the terms of probation and began serving his one-year jail term.

In June, 1989, Peterson moved the district court for an order for release time from jail in order to conduct a work search. On June 8, 1989, the district court ordered that Peterson be allowed to leave the jail to conduct a work search between 8:30 a.m. and 5 p.m. for five days, beginning on June 12 and ending on June 19, 1989. After Peterson was released for work search on the 19th, he did not return to the jail.

On July 11, 1989, Peterson was arrested for violating the terms of his probation, having failed to serve the one-year jail term which was a condition of his probation. On October 2, 1989, the district court conducted a probation violation hearing, after which it determined that Peterson had violated the terms of his probation. On October 16, 1989, the district court revoked Peterson's probation and ordered imposition of his original sentence; however, the court reduced Peterson's original sentence from a seven to a five-year indeterminate period. The court also ordered that Peterson be credited with the 49 days of confinement he served during the pendency of the second probation violation proceeding.

Subsequently, Peterson filed a Motion for Reconsideration of Sentence, asserting: (1) that he should have been credited with 97 rather than 49 days; and (2) that his sentence was excessive. On April 16, 1990, the district court determined that Peterson should have been credited with 97 days, rather than the 49 days previously ordered. However, the court refused to otherwise reduce Peterson's sentence.

On November 29, 1990, Peterson filed a Motion for Correction of Judgment, requesting that the court credit him with an alleged total of 541 days served prior to reinstatement of his sentence. In his motion, Peterson argued that the court should give him credit for any and all time he had been in custody between the time he was arrested on the original charges and the decision to revoke his probation and execute his sentence. On December 31, 1990, the district court denied Peterson's Motion for Correction of Judgment, stating that "[t]he defendant has received all the credit for time served which he is entitled to receive." Peterson has appealed this denial. For the following reasons, we reverse and remand.

## ANALYSIS

We note initially the standard of review applicable to this appeal. Peterson has appealed the district court's denial of his motion to correct an allegedly illegal sentence. Whether a sentence is illegal is a question of law which we review freely. *State v. Hale*, 116 Idaho 763, 765, 779 P.2d 438, 440 (Ct.App.1989).

On appeal, Peterson asserts that the district court erred by failing to credit him with: (1) the nine months (approximately 285 days) that he was incarcerated before he was sentenced on January 30, 1984; and (2) the approximately 158 days he served on his one-year jail term, which jail term was a condition of his probation.

■ 1. *Credit for the Approximately Nine Months of Presentence Incarceration.*

Idaho Code § 18–309 provides as follows: In computing the term of imprisonment, the person against whom the judgment was entered, shall receive credit for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered. The remainder of the term commences upon the pronouncement of sentence and if thereafter, during such term, the defendant by any legal means is temporarily released from such imprisonment and subsequently returned thereto, the time during which he was at large must not be computed as part of such term.

This section clearly requires that Peterson receive credit for presentence incarceration. Sentence was imposed on Peterson on January 30, 1984, when he was sentenced to concurrent seven-year indeterminate terms. Placing Peterson on probation merely suspended the execution of the sentence. *State v. Ditmars*, 98 Idaho 472, 474, 567 P.2d 17, 19 (1977), *cert. denied*, 434 U.S. 1088, 98 S.Ct. 1284, 55 L.Ed.2d 793 (1978); *State v. Banks*, 121 Idaho 608, 826 P.2d 1320 (1992). Peterson was incarcerated for approximately nine months prior to his sentencing. Under I.C. § 18–309, Peterson is entitled to credit for that time served.

■ The state has argued that Peterson already received credit for the approximately nine months he served in presentence incarceration, because when the judge revoked his probation and reinstated

his sentence, the judge reduced Peterson's sentence from seven to five years. The state argues that this two-year reduction in sentence is more than enough to offset the nine months Peterson served in presentence incarceration. It is clear from the record, however, that the district judge, in revoking Peterson's probation and ordering into execution his sentence, did not credit Peterson with his presentence incarceration as mandated by I.C. 18–309. There is no indication in the record that the court took into account Peterson's presentence incarceration when the district judge reinstated Peterson's sentence and reduced it to five years. To the contrary, the judge's remarks at the probation disposition hearing, when Peterson's probation was revoked and his sentence was reinstated, indicate that the only previous incarceration the court was considering for possible credit was the time Peterson had spent in jail while his two probation violation proceedings were pending. The court also indicated that the seven-year sentence was being reduced because Peterson had not had any extensive problems while on probation, with the exception of the alleged violations of his probation. Under I.C. § 18–309, Peterson is entitled to have his presentence incarceration credited against his reduced sentence.

■ The state has also argued that the district judge lacked jurisdiction, at the time of revoking Peterson's probation and reinstating his sentence, to reduce his original sentence from seven to five years. I.C.R. 35 provides that "[t]he court may reduce a sentence within 120 days after the court releases retained jurisdiction. The court may also reduce a sentence upon revocation of probation as provided by law." The term "as provided by law" apparently refers to the provisions of I.C. § 20–222, which states:

At any time during probation or suspension of sentence, the court may issue a warrant for violating any of the conditions of probation or suspension of sentence and cause the defendant to be arrested. Thereupon the court, after summary hearing may revoke the probation and suspension of sentence and cause the

sentence imposed to be executed, or may cause the defendant to be brought before it and may continue or revoke the probation, or may impose any sentence which originally might have been imposed at the time of conviction.

This Court has construed I.C.R. 35 to authorize district judges to reduce a sentence which is being reinstated when the reduction is made at the time probation is revoked. *State v. Sutton,* 113 Idaho 832, 833, 748 P.2d 416, 417 (Ct.App.1987); *State v. Corder,* 115 Idaho 1137, 1139–40, 772 P.2d 1231, 1233–34 (Ct.App.1989). Under the above statutes and case law, the district court had authority to reduce Peterson's sentence at the time it revoked his probation. Because the district judge reduced Peterson's original sentence "upon" revoking his probation, the state's argument that the court lacked jurisdiction is unfounded.

Having concluded that Peterson is entitled to credit for this presentence incarceration, the district court is instructed, on remand, to make a factual finding regarding the exact number of days of presentence incarceration Peterson served, and then to credit that number of days against his indeterminate sentence of five years.

■ *2. Credit for the Approximately 158 days Peterson Served on his One-Year Jail Term, which was a Condition of his Probation.* Peterson has argued that he should be credited with the amount of time he served in jail as a condition of his probation. Whether time served as a condition of probation should be credited against a sentence which is subsequently reinstated is a question that had not been decided in Idaho at the time this matter was appealed. In the interim, however, the Supreme Court has decided the case of *State v. Banks, supra,* which resolves this issue. In *Banks,* the Supreme Court held that "the time Banks spent in jail, after the imposition of sentence, was a condition of probation not required to be credited against the sentence." *Id.* In reaching this conclusion, the Court referred to the language of I.C. § 19–2601(2), which pro-

vides that a court may place a defendant on probation subject to "such terms and conditions as it deems necessary and expedient." The Court further noted that defendants are free to decline terms of probation offered by the court, or they may choose to give up certain rights by accepting the terms. In this case, Peterson, like Banks, agreed to serve time in jail in order to receive probation. He is, therefore, not entitled to credit for the time he voluntarily surrendered in order to gain probation. *Id.* As *Banks* makes clear, however, Peterson was properly credited with the time he served in jail in connection with his first and second probation violations.

## CONCLUSION

We hold that Peterson is entitled to credit for the amount of days he was incarcerated prior to being sentenced. The district court, on remand, is instructed to make a factual finding regarding the exact number of days Peterson spent in presentence confinement, and to credit that amount against his five-year indeterminate sentence. He is also entitled to the 97 days credit which was already granted. We also hold that Peterson is not entitled to further credit for his post-sentence incarceration which was served as a condition of his probation.

WALTERS, C.J., and SWANSTROM, J., concur.