85 P.3d 1130

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Billie Lou DAVIS, Defendant–Appellant.**

**No. 29152.**

Court of Appeals of Idaho.

Dec. 5, 2003.

---

Matthews Law Offices, Boise; Griffard Law Offices, Boise, for appellant. Leo N. Griffard, Jr. argued.

Hon. Lawrence G. Wasden, Attorney General; Charles Edward Zalesky, Deputy Attorney General, Boise, for respondent. Charles Edward Zalesky argued.

LANSING, Chief Judge.

Billie Lou Davis challenges her conviction for misdemeanor driving under the influence of alcohol (DUI). She contends that the trial court committed error in denying her motion to suppress evidence and in excluding trial evidence. We affirm.

## I.

## BACKGROUND

Shortly after midnight on June 17, 2000, Officer Tim Davidson of the Idaho State Police was driving northbound through the city of McCall. He saw Davis's vehicle traveling toward him and believed that the vehicle was exceeding the speed limit. He turned his patrol car around to pursue Davis and followed her into a motel parking lot, where Davis stopped. Upon questioning Davis, Officer Davidson noticed the smell of alcohol on her breath. He conducted field sobriety tests and later arrested her for DUI. At the McCall police station, Davis submitted to a breathalyzer test, and the results showed a breath alcohol content of 0.13, well above the legal limit of .08. *See* Idaho Code § 18–8004(1)(a). Davis was charged with second offense DUI, I.C. §§ 18–8004, 18–8005.

Five days after the incident, Davidson prepared his police report. It stated that he had measured the speed of Davis's vehicle by pacing, and according to this estimate, she was traveling 32 miles per hour in a 25 mile-per-hour zone.

Davis moved to suppress all evidence acquired through the vehicle stop, contending that there was no reasonable suspicion for the stop. Before the hearing on this motion, Officer Davidson met with the prosecutor, who asked how Davidson could have paced the Davis vehicle when it was coming toward him. At that time, Davidson told the prosecutor that he had paced the Davis vehicle after he turned his car around to pursue her. At the suppression hearing, however, Officer

Davidson's testimony was quite different. He admitted that, after having reviewed a videotape of the stop made by the camera in his patrol car, it was not possible that he could have paced Davis's vehicle while she was exceeding the speed limit. This was so because the video showed that, by the time he began pursuing her, Davis had already slowed to turn into the motel parking lot. He testified that instead of establishing her speed by pacing, as stated in his report, he had used a radar gun to check the speed just before Davis came past him. Davidson admitted that he had been inaccurate, both in his police report and in his conversation with the prosecutor, when he said that he had paced the Davis vehicle. He said that it was only after viewing the videotape of the stop that he remembered having used the radar.

In rendering findings at the conclusion of the suppression hearing, the trial court recognized the discrepancy between the officer's report and his testimony, but nevertheless found credible Officer Davidson's testimony that he detected the speed of Davis's vehicle by radar. The court therefore held that the officer reasonably suspected that Davis was speeding and consequently was justified in conducting a traffic stop.

On the morning of trial, defense counsel moved to exclude evidence of the results of Davis's breathalyzer test because the State had failed to disclose a witness who was to provide foundational testimony regarding the test. The magistrate granted the motion and excluded the test results.[1] Later, the defense attempted to introduce testimony that Davis consented to a breathalyzer test, but the magistrate excluded that testimony. The jury found Davis guilty.

Davis appealed her conviction to the district court, which affirmed. On further appeal to this Court, Davis contends that the magistrate erred in denying her suppression motion and in excluding evidence that she agreed to submit to a breath test.

---

1. With the breath test results having been excluded, the State was precluded from trying Davis for per se DUI for driving with an alcohol concentration in excess of .08, and was limited to proving the alternative form of DUI, driving while under the influence of alcohol to a degree that there was actual impairment of the ability to drive. *See* I.C. § 18–8004(1); *State v. Andrus,* 118 Idaho 711, 800 P.2d 107 (Ct.App.1990).

## II.

## ANALYSIS

### A. Suppression Motion

Davis asserts that Officer Davidson's testimony at the suppression hearing was so in conflict with his report written five days after the arrest that his testimony cannot be viewed as substantial evidence to show that the stop of Davis's vehicle was justified.

 In examining the magistrate's factual findings, this Court will not substitute its view for that of the magistrate as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *State v. Valdez–Molina,* 127 Idaho 102, 106, 897 P.2d 993, 997 (1995). We defer to the trial court's findings of fact unless those findings are unsupported by substantial and competent evidence in the record and are therefore clearly erroneous. *State v. DuValt,* 131 Idaho 550, 552–53, 961 P.2d 641, 643–44 (1998); *State v. Thomas,* 133 Idaho 682, 686, 991 P.2d 870, 874 (Ct.App.1999). We exercise free review, however, over application of constitutional requirements to the facts found by the trial court. *DuValt,* 131 Idaho at 553, 961 P.2d at 644 (1998).

 A traffic stop constitutes a seizure that is subject to the Fourth Amendment's prohibition against unreasonable seizures. *Delaware v. Prouse,* 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). Therefore, a traffic stop must be supported by reasonable and articulable suspicion that the vehicle is being driven contrary to the traffic laws or that either the vehicle or an occupant is subject to detention in connection with violation of other laws. *Id. See also Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

Davis does not claim that the facts as found by the magistrate would be insufficient to demonstrate reasonable suspicion justifying her detention by Officer Davidson. Her contention, rather, is that the magistrate

should not have considered Officer Davidson's testimony to be credible.

 Although the members of this Court, sitting as the fact finder, might have been more skeptical about the officer's credibility than was the magistrate here, we cannot say that the officer's testimony was so thoroughly impeached that the trial court was unjustified in placing any reliance upon it. Officer Davidson was vigorously examined by the court as well as by counsel. Although his police report made no mention of use of radar to gauge Davis's speed, Davidson testified that his memory of the use of radar was aroused by viewing the videotape of the incident. He also offered a plausible explanation for how the error in his report occurred— that he was very busy on the night in question, and that, when preparing his report, he either was not paying sufficient attention or became confused because he was writing reports on other cases at the same time. Although one might infer that Officer Davidson modified his testimony to conform with the police video and to prevent suppression of evidence, that is not the only permissible inference. Unlike this Court, the trial court had the opportunity to observe the witness's demeanor and body language in assessing his candor and credibility. A reasonable explanation having been provided for the discrepancy between the officer's written report and his testimony, the trial court could properly accept the explanation and the testimony as true.[2]

As Davis concedes, the facts as described in the officer's testimony at the suppression hearing demonstrate reasonable suspicion to stop Davis for speeding. Therefore, we find no error in the order denying Davis's suppression motion.

### B. Evidence Excluded at Trial

 Davis also contends that reversible error occurred in her trial when the court precluded her from testifying that she consented to take a breath test.[3] On objection

---

**2.** A history of such revisions in an officer's description of events might not only justify, but at some point require, rejection of an officer's testi-

mony for lack of credibility. There is, however, no evidence of such a history in this case.

**3.** The State asserts that this issue is not preserved for appeal because Davis did not make a

by the State, the trial court excluded such evidence because it had previously excluded the State's evidence of the breath test results as a sanction for the State's discovery violation in failing to disclose a witness. The court expressed the view that the defense would be opening the door to introduction of the test result if it presented evidence that Davis consented to such a breath test or alluded to the absence of breath test evidence.

■ Davis argues that whether she agreed to take the test is an issue that is distinct from the results of the test itself. Because it is "a matter of common knowledge that motorists who are under suspicion of DUI are normally asked to take a chemical test," she argues, with the jury uninformed that Davis consented to the test it is likely that the jury speculated that Davis refused the test. Davis asserts that her request for exclusion of the test results as a discovery sanction did not amount to a waiver of her right to rebut any inference that she refused the test.

We are unpersuaded by Davis's argument. First, the possibility of jury speculation was countered by the court's instruction to the jury that "you are to base your decision solely on the evidence presented to you...." Second, to have allowed Davis's testimony that she consented to the test while excluding the test results would have been misleading to the jury. Idaho Rule of Evidence 403 authorizes a trial court to exclude even relevant evidence if its probative value is substantially outweighed by the danger of misleading the jury, confusing the issues, or unfairly prejudicing the adverse party. Davis acknowledges that the purpose of the proffered evidence of her consent was to permit the jury to infer that she was not intoxicated because she did not fear the test. However, the real test results, which were excluded on Davis's request, would have contradicted such an inference. Without hearing the test results, the jury could have been misled into thinking that Davis passed the

test or that officers declined to administer the test because they believed she would pass it.

Davis argues that because a defendant's refusal to submit to testing has been held to be relevant and admissible in any case where intoxication is an element, *State v. Bock,* 80 Idaho 296, 309, 328 P.2d 1065, 1073 (1958), it follows that a defendant's consent to be tested is also relevant. The issue, however, is not solely one of relevance; rather, the issue is whether the magistrate was required to allow such evidence of consent while simultaneously precluding the State from introducing the test results. The exclusion of the State's evidence as a discovery sanction gave Davis the advantage of being shielded from the breathalyzer test results; it did not entitle her to turn that shield into a sword by creating a false implication that she either passed the test or would have passed it if one had been administered.

■ A trial court's weighing of probative value against the countervailing considerations under I.R.E. 403, will not be disturbed on appeal unless it is shown to be an abuse of discretion. *State v. Enno,* 119 Idaho 392, 406, 807 P.2d 610, 624 (1991); *State v. Birkla,* 126 Idaho 498, 500, 887 P.2d 43, 45 (Ct.App. 1994). Here, the magistrate did not abuse his discretion when he concluded that in order to avoid misleading the jury, evidence that Davis consented to the test and evidence of the test results must be either both excluded or both admitted.

### III.

### CONCLUSION

The magistrate did not err in relying on Officer Davidson's testimony at the suppression hearing, nor did the magistrate abuse his discretion by ruling that evidence that Davis agreed to a breath test would open the door for the State to introduce the results of

---

timely offer of proof, but we disagree. Idaho Rule of Evidence 103(a)(2) precludes a party from claiming error in a ruling excluding evidence unless there was an offer of proof or "the substance of the evidence was ... apparent from the context within which questions were asked."

Here, the magistrate plainly understood that the evidence Davis wished to offer was the fact that she consented to a breath test. The issue is preserved for appeal and we therefore reach the merits.

the test. The judgment of conviction is therefore affirmed.

Judge PERRY and Judge GUTIERREZ concur.