**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 37825**

| STATE OF IDAHO, | ) | 2011 Unpublished Opinion No. 367 |
|---|---|---|
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 24, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| RICHARD KOFOED, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Timothy Hansen, District Judge.

Order partially granting motion for credit for time served, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Richard Kofoed appeals from the district court's order granting, in part, his motion for credit for time served. For the reasons set forth below, we affirm.

Kofoed plead guilty to felony malicious injury to property. I.C. § 18-7001. In exchange for his guilty plea, additional charges were dismissed. He was sentenced to a unified term of three years, with a minimum period of confinement of one year. The district court suspended the sentence and placed Kofoed on probation. As a condition of probation, he was required to serve ninety days in jail. Approximately two years later, Kofoed admitted to violating the terms of his probation. The district court revoked Kofoed's probation and ordered execution of his original sentence. Kofoed filed an I.C.R. 35 motion for reduction of his sentence, which the district court denied. He also filed a motion for credit for time served, seeking credit for several days of time served as well as the ninety days served as a condition of probation. The district court granted credit for the time served pending extradition on the probation violation warrant, but denied the motion as to the jail time served as a condition of probation. Kofoed appeals.

Whether the district court properly applied the law governing credit for time served to the facts is a question of law over which we exercise free review. *State v. Brashier,* 130 Idaho 112, 113, 937 P.2d 424, 425 (Ct. App. 1997). We defer to the trial court's findings of fact, however, unless those findings are unsupported by substantial and competent evidence in the record and are therefore clearly erroneous. *State v. Davis,* 139 Idaho 731, 734, 85 P.3d 1130, 1133 (Ct. App. 2003).

Regarding the order granting Kofoed's motion for credit for time served, Kofoed asserts that he should have also received credit for the time served while he was in jail as a condition of probation.

Idaho Code Section 18-309 provides:

> In computing the term of imprisonment, the person against whom the judgment was entered, shall receive credit in the judgment for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered. The remainder of the term commences upon the pronouncement of sentence and if thereafter, during such term, the defendant by any legal means is temporarily released from such imprisonment and subsequently returned thereto, the time during which he was at large must not be computed as part of such term.

The Idaho appellate courts have interpreted the language of I.C. § 18-309 and have concluded that a defendant is not entitled to credit for time served as a condition of probation. Therefore, the district court did not err in denying Kofoed's motion. *See State v. Dana*, 137 Idaho 6, 43 P.3d 765 (2002) (deciding that, when defendant serves jail time as condition of probation, there is no entitlement to credit for time served); *State v. Banks*, 121 Idaho 608, 826 P.2d 1320 (1992) (concluding that defendant's agreement to serve jail time to receive probation is a condition of that probation and there is no entitlement to receive credit for time served); *State v. Hale*, 116 Idaho 763, 779 P.2d 438, (Ct. App. 1989) (holding that defendant is only entitled to credit for time spent in jail on a related offense); *State v. Sutton*, 113 Idaho 832, 748 P.2d 416 (Ct. App. 1987) (holding defendant not entitled to credit against sentence for the time transpiring while was on probation on a suspended sentence).

Accordingly, the district court's order partially granting Kofoed's motion for additional credit for time served is affirmed.

Chief Judge GRATTON and Judge GUTIERREZ, **CONCUR.**

2