**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41052**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2014 Unpublished Opinion No. 412** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: March 11, 2014** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JONATHAN SCOTT HITES,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Washington County. Hon. Susan E. Wiebe, District Judge.

Order denying motion for credit for time served, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Jonathan Scott Hites was charged with a single count of trafficking in marijuana in violation of Idaho Code § 37-2732B(a)(1). Thereafter, pursuant to plea negotiations, the State amended the information to charge Hites with possession of marijuana in excess of three ounces, I.C. § 37-2732(e), and Hites entered an *Alford*[1] plea to the new charge. Hites was sentenced to a unified term of three years in prison with one year fixed, but the court suspended the sentence and placed Hites on a five-year term of probation. Thereafter, the court found that Hites had violated the terms of his probation, revoked Hites's probation, and ordered execution of the underlying sentence.

_____

[1]    *North Carolina v. Alford*, 400 U.S. 25 (1970).

1

Hites filed a motion seeking credit for time served pursuant to Idaho Criminal Rule 35. In that motion, Hites requested "credit for local, county, and state time served in conjunction with this charge." Hites did not specify any particular periods of incarceration for which he claimed credit. Nevertheless, the court responded by granting Hites 564 days of credit including "time spent in the custody of the Idaho State Board of Correction." Hites thereafter filed a second Rule 35 motion that was nearly identical to the first, and a motion requesting appointed counsel. Once again, Hites did not identify any periods of incarceration for which he felt he should be granted credit. The court denied the motion requesting the appointment of counsel and the motion for credit for time served.

Hites appeals the order denying his second motion. He argues that the court's denial of his motion was erroneous and "requests that this Court order that he be given credit for time served."

By terms of I.C. § 18-309 a defendant is entitled to credit on his or her sentence for time served prior to judgment.[2] The trial court must grant "credit for any prejudgment incarceration that is attributable to the offense for which the sentence is imposed." *State v. Albertson*, 135 Idaho 723, 725, 23 P.3d 797, 799 (Ct. App. 2001).

Whether the trial court properly applied the law governing credit for time served is a question of law over which we exercise free review. *State v. Vasquez*, 142 Idaho 67, 68, 122 P.3d 1167, 1168 (Ct. App. 2005); *State v. Brashier*, 130 Idaho 112, 113, 937 P.2d 424, 425 (Ct. App. 1997). We defer to the trial court's findings of fact, however, unless those findings are unsupported by substantial and competent evidence in the record and are therefore clearly erroneous. *State v. DuValt*, 131 Idaho 550, 552-53, 961 P.2d 641, 643-44 (1998); *State v. Davis*, 139 Idaho 731, 734, 85 P.3d 1130, 1133 (Ct. App. 2003).

---

[2]    Idaho Code § 18-309 provides that:

> In computing the term of imprisonment, the person against whom the judgment was entered, shall receive credit in the judgment for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered. The remainder of the term commences upon the pronouncement of sentence and if thereafter, during such term, the defendant by any legal means is temporarily released from such imprisonment and subsequently returned thereto, the time during which he was at large must not be computed as part of such term.

Here, Hites has shown no error. He requested credit for time served and was granted credit. His second motion did not identify any period of incarceration for which he had not already received credit. Accordingly, Hites provided the district court no basis to grant additional credit for time served. On appeal, Hites still does not identify the error, if any, the court made when calculating credit for time served. It is Hites's burden, as the appellant, to show how the district court erred. *See State v. Gill*, 150 Idaho 183, 186, 244 P.3d 1269, 1272 (Ct. App. 2010). Here, Hites has failed to meet this burden.

Because Hites failed to show error, the district court's order denying the second Rule 35 motion is affirmed.

Chief Judge GUTIERREZ and Judge GRATTON **CONCUR.**