**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40921**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 811 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 10, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| EZEKIEL J. HULSE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Payette County. Hon. Susan E. Wiebe, District Judge.

Order revoking probation and executing sentence, <u>affirmed</u>; order partially denying credit for time served, <u>reversed</u> and <u>remanded</u>.

Sara B. Thomas, State Appellate Public Defender; Kimberly E. Smith, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.
_____

GRATTON, Judge

Ezekiel J. Hulse asserts the district court erred when it partially denied his motion for credit for time served and abused its discretion when failing to sua sponte reduce the length of his sentence when it revoked his probation.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Pursuant to a plea agreement, Hulse pled guilty to one felony count of domestic battery. The district court imposed a unified term of four years with two years determinate, and placed Hulse on probation.

Subsequently, Hulse violated his probation and the district court executed the original sentence and retained jurisdiction. On September 3, 2010, after Hulse successfully completed the period of retained jurisdiction, the district court again suspended his sentence and placed Hulse on probation for a period of three years. At that time, Hulse was ordered to remain in

1

custody until funding was available to provide adequate housing for his release, which occurred on September 16, 2010.

Hulse again violated his probation and the court revoked his probation and executed his original sentence. Hulse timely appealed his sentence and filed a motion for credit for time served, which was partially denied. Hulse claims he should be entitled to credit for time served for the period between September 4 and September 16, 2010, when he was in custody awaiting adequate housing to be available. While Hulse was given credit for some time served, the district court determined Hulse was not entitled to credit for time served for the period of September 4 to September 16, 2010, indicating that Hulse was released on September 3.

Hulse timely appeals the partial denial of his motion for credit for time served. He also argues the district court abused its discretion in failing to sua sponte reduce his sentence of four years, with two years determinate.

## II.

## ANALYSIS

### A. Credit for Time Served

Hulse argues the district court erred by partially denying him credit for time served. The relevant statute regarding credit for time served provides:

> When the defendant is brought before the court in such case, it may, if judgment has been withheld, pronounce any judgment which it could originally have pronounced, or, if judgment was originally pronounced but suspended, the original judgment shall be in full force and effect and may be executed according to law, and the time such person shall have been at large under such suspended sentence shall not be counted as a part of the term of his sentence, but the time of the defendant's sentence shall count from the date of service of such bench warrant.

Idaho Code § 19-2603. Whether the district court properly applied the law governing credit for time served is a question of law over which we exercise free review. *State v. Brashier*, 130 Idaho 112, 113, 937 P.2d 424, 425 (Ct. App. 1997). We defer to the trial court's findings of fact, however, unless those findings are unsupported by substantial and competent evidence in the record and are therefore clearly erroneous. *State v. Covert*, 143 Idaho 169, 170, 139 P.3d 771, 772 (Ct. App. 2006); *State v. Davis*, 139 Idaho 731, 734, 85 P.3d 1130, 1133 (Ct. App. 2003).

The district court determined Hulse was not entitled to credit for time served for this period because court records indicated he was released on probation on September 3, 2010. The

issue of when Hulse was released from custody is a question of fact. This Court will only set aside a trial court's findings of fact if they are clearly erroneous. *Neider v. Shaw*, 138 Idaho 503, 506, 65 P.3d 525, 528 (2003) (citing I.R.C.P. 52(a)). The State indicates it is unable to discern what part of the record the court was relying on when determining Hulse was released from custody on September 3 and submits the issue for this Court's determination.[1] While Hulse's probation was reinstated on September 3, 2010, the record reflects he remained in custody until housing was available and he was released on September 16, 2010. Therefore, this Court holds that Hulse is entitled to credit for time served for the period between September 4, 2010, and September 16, 2010.

**B.     Reduction in Sentence**

Hulse argues the district court abused its discretion when it failed to sua sponte reduce his unified sentence of four years with two years determinate upon revoking his probation. Our decision in *State v. Clontz*, 156 Idaho 787, 792, 331 P.3d 529, 534 (Ct. App. 2014), forecloses a claim that a district court erred by failing to sua sponte reduce an underlying sentence upon revoking probation. Therefore, we will not further address the claim.

### III.

### CONCLUSION

The district court erred when it partially denied Hulse's motion for credit for time served regarding the time period from September 4, 2010, to September 16, 2010. Accordingly, we reverse and remand the district court's order denying credit for time served during this period. Hulse may not claim that the district court failed to sua sponte reduce his sentence upon revoking probation. Therefore, the district court's order revoking Hulse's probation and ordering execution of his sentence is affirmed.

Judge LANSING and Judge MELANSON **CONCUR.**

---

[1]     At the September 3, 2010, hearing Hulse's probation was reinstated, but it was also ordered that he stay in custody until funding was available for his housing. The court stated, "I just want to make sure that the funding is there. And then I will sign a release. You'll be given credit for any additional time that you're serving in jail . . . ." The probation agreement was not signed until September 15 and Hulse's affidavit indicates he was released the next day.

3