187 P.3d 1241

Kim Brent TAYLOR, Petitioner–
Respondent–Cross Appellant,

v.

STATE of Idaho, Defendant–Appellant–
Cross Respondent.

No. 33222.

Court of Appeals of Idaho.

March 10, 2008.

Review Denied July 15, 2008.

868

Hon. Lawrence G. Wasden, Attorney General; Rebekah A. Cudé, Deputy Attorney General, Boise, for appellant. Rebekah A. Cudé argued.

Molly J. Huskey, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for respondent. Eric D. Fredericksen argued.

GUTIERREZ, Chief Judge.

The state appeals from the district court's grant of Kim Brent Taylor's motion for credit for time served, and Taylor cross appeals from the court's denial of his petition for post-conviction relief. We reverse in part and affirm in part.

## I.

## FACTS AND PROCEDURE

Taylor was found guilty by a jury of sexual battery of a minor child sixteen or seventeen years of age, I.C. 18–1508A. He was convicted and sentenced to a unified term of thirteen years with three years determinate, and the court retained jurisdiction and recommended that, while on the 180–day rider, Taylor receive an updated psychosexual evaluation and polygraph testing. The court also expressed that if Taylor continued to maintain his innocence after six months, he would likely be sent to prison to serve his sentence.

The Department of Correction did not perform the recommended psychosexual update evaluation. Upon completion of Taylor's retained jurisdiction programming, an addendum to the presentence investigation report was submitted to the court indicating that Taylor had admitted his culpability in the crime. At the subsequent rider review hearing held prior to the 180–day retained jurisdiction period ending, the court expressed its reluctance to grant probation because it did not have an updated psychosexual evaluation report. As a result, the hearing was continued pending the completion of an updated psychosexual evaluation. The hearing was re-scheduled for a date beyond the 180–day period of retained jurisdiction.

When the rider review hearing was finally held twenty-four days after termination of the 180–day period of retained jurisdiction, the court suspended the execution of Taylor's sentence and placed him on probation for seven years. The state appealed. On appeal, the Idaho Supreme Court held that because the 180–day period of retained jurisdiction had expired without the court affirmatively placing Taylor on probation, Taylor remained committed to the custody of the Idaho Board of Correction (the Board) and the court's act of placing Taylor on probation was void because it had already lost jurisdiction. *State v. Taylor*, 142 Idaho 30, 121 P.3d 961 (2005).

Taylor filed a petition for post-conviction relief alleging the court had violated his right to due process by failing to hold the review hearing before it lost jurisdiction and that his counsel had been ineffective for not compelling a rider review hearing within the time limitation. The district court ultimately granted the state's motion for summary disposition on the due process claim, but ordered that an evidentiary hearing be held on the ineffective assistance of counsel claim, which it eventually denied. Taylor then filed

a motion for credit for time served which the court granted, giving him credit against his prison sentence for the time he spent on probation until the Supreme Court invalidated the placement on probation due to jurisdictional limitations. The state now appeals the court's grant of credit for time served, and Taylor appeals the district court's summary dismissal of his due process claim and the denial of his ineffective assistance of counsel claim.

## II.

## ANALYSIS

### A. Credit for Time Served

■ The state contends the district court erred in crediting towards the computation of his period of incarceration, the time that Taylor was on probation. Taylor argues that because the district court's order placing him on probation was voided by the Idaho Supreme Court, he was not "legally" on probation and thus remained committed to the Board. Whether the district court properly applied the law governing credit for time served to the facts is a question of law over which we exercise free review. *State v. Brashier*, 130 Idaho 112, 113, 937 P.2d 424, 425 (Ct.App.1997).

Taylor argues that because he remained under the legal "custody" of the Board, he was entitled to credit for his time on probation. However, Taylor has not cited any authority for the proposition that being under the legal "custody" of the Board entitles him to credit for time served on probation. In Idaho, the statutes addressing credit for time served turn on whether a defendant was incarcerated for that period, not whether they were in the "custody" of the Board. This is evident from reading Idaho Code Section 18–309 which governs when credit must be given for both pre- and post-judgment incarceration:

In computing the term of imprisonment, the person against whom the judgment was entered, shall receive credit in the judgment for any period of *incarceration* prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered. The remainder of the term commences upon the pronouncement of sentence and if thereafter, during such term, the defendant by any legal means is temporarily released from such *imprisonment* and subsequently returned thereto, the time during which he was at large must not be computed as part of such term.

(Emphasis added). The language of I.C. § 18–309 entitles a defendant to credit for "any period of incarceration" and notably does not base credit on any factor other than actual incarceration, ignoring whether a defendant remained in the Board's "custody." *Accord State v. Albertson*, 135 Idaho 723, 725, 23 P.3d 797, 799 (Ct.App.2001) ("Any . . . periods of post-judgment *incarceration* [except that served as condition of probation] . . . must be credited to the sentence." (Emphasis added.)). *See also* I.C. § 20–209A ("A person who is sentenced may receive credit toward service of his sentence for time spent in *physical custody* pending trial or sentencing, or appeal, if that detention was in connection with the offense for which the sentence was imposed. The time during which the person is voluntarily *absent* from the penitentiary, jail, facility under the control of the board of correction, or from the custody of an officer after his sentence, shall not be estimated or counted as part of the term for which he was sentenced." (Emphasis added.)); I.C. § 19–2603 (If a defendant was arrested for probation violations and spent time in *confinement* awaiting the disposition of the alleged violations, that *incarceration* must be credited against the underlying sentence.).

It is clear that under Idaho law, "incarceration" and "custody" are not synonymous-a defendant can remain under the custody of the Board, but not be incarcerated. *See* I.C. § 20–223 (granting the parole commission discretion to establish rules where a defendant may be on parole (i.e., not incarcerated), but still remain in the legal custody of the parole board). We do note that "incarceration" does not always mean that a defendant is physically "behind the bars" of a prison or jail. For example, a prisoner on work release remains "incarcerated" for that time even though he is outside the physical con-

fines of a jail or correctional facility for extended periods of time. However, under the circumstances presented here, Taylor was not "incarcerated" in any sense of the word between the time he was granted probation and the Supreme Court's invalidation of that action.

Taylor also argues that the reference in section 18–309 to "any legal means" renders the statute inapplicable to his case since he was released under "illegal" means (the void order). However, we need not address the issue, because regardless of whether or not Taylor remained in the *legal* custody of the Board, the statute only allows credit for time served while being incarcerated and, as we established above, Taylor's time spent at liberty does not qualify. Consequently, the district court erred in granting Taylor credit for time served while he was on probation.

## B. Due Process

■ Taylor argues that in his post-conviction petition, he succeeded in demonstrating that his due process rights were violated when the district court failed to act or hold the necessary proceedings while it retained jurisdiction over his case. The district court held that there was no due process violation where it had timely scheduled the hearing, where it was Taylor's and his counsel's responsibility to present the court with the requested information, and where their failure to do so required that the hearing be continued past the 180–day retained jurisdiction period. The court concluded that Taylor had failed to demonstrate that additional due process protection was required under the circumstances.

■ An application for post-conviction relief initiates a proceeding that is civil in nature. *State v. Bearshield,* 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State,* 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); *Murray v. State,* 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct.App.1992). As with a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19–4907; *Russell v. State,* 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct.App.1990).

■ Idaho Code Section 19–4906 authorizes summary disposition of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application pursuant to I.C. § 19–4906 is the procedural equivalent of summary judgment under I.R.C.P. 56. Summary dismissal is permissible only when the applicant's evidence has raised no genuine issue of material fact which, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Gonzales v. State,* 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct.App.1991); *Hoover v. State,* 114 Idaho 145, 146, 754 P.2d 458, 459 (Ct.App.1988); *Ramirez v. State,* 113 Idaho 87, 89, 741 P.2d 374, 376 (Ct.App.1987). Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the state does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman v. State,* 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App.1994); *Baruth v. Gardner,* 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct.App.1986).

■ We initially note that in summarily dismissing the claim, the district court relied on the analysis of *State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978), which held that prisoners were entitled to a hearing at the correctional facility to address matters that would be considered in development of a report to the court regarding whether jurisdiction should be relinquished. *Wolfe,* however, was explicitly overruled by *State v. Coassolo,* 136 Idaho 138, 30 P.3d 293 (2001), which held that defendants do not have a general due process right to a hearing—either at the correctional facility or before the sentencing court—following a period of retained jurisdiction. *Id.* at 143, 30 P.3d at 298. However, an appellate court may affirm a lower court's decision on a legal theory different from the one applied by that court. *State v. Baxter,* 144 Idaho 672, 679, 168 P.3d 1019, 1026 (Ct.App.2007).

Recognizing that *Coassolo* does not require a hearing prior to the court losing retained jurisdiction on a rider, Taylor nevertheless argues that once the district court expressed its intention to hold a hearing to review his performance during the retained jurisdiction period, he obtained a due process right in having that hearing held before the court lost jurisdiction. To support this contention he cites to *Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974), which held that once a state law creates a right that implicates a person's liberty, the individual possessing this right is entitled to "those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated." Taylor argues that based on this holding, where a court "sets a procedure," which in this case was scheduling a hearing to determine whether probation is appropriate, the defendant then becomes entitled to due process protections to ensure the hearing occurs. This is an impermissible analytical leap, where Idaho law expressly dictates that a defendant does not have the due process right to a hearing prior to the court losing jurisdiction on a rider. Taylor fails to cite any legal authority for the proposition that by simply scheduling a hearing, the district court created a liberty interest in having that hearing held within the 180–day rider period. The district court did not err in denying Taylor's due process claim.

## C. Ineffective Assistance of Counsel

■ Taylor asserts he succeeded in demonstrating that he received ineffective assistance of counsel when his attorney failed to take steps to ensure that the recommended psychosexual evaluation was conducted within the 180–day period of retained jurisdiction. He contends that had his attorney facilitated his completion of an updated psychosexual evaluation before the district court lost jurisdiction, he would have been placed on probation. When denying Taylor's claim following the evidentiary hearing, the district court determined that Taylor had failed to present evidence that his counsel's performance had been deficient, specifically referring to the lack of expert testimony as to the profession-al standard of competence in such a situation, and the court found that his attorney's actions were a product of strategy.

■ Taylor correctly points out that it is not necessarily required that a defendant present the testimony of a second attorney to render an expert opinion regarding the effectiveness of trial counsel's performance. *See State v. Pizzuto*, 119 Idaho 742, 775, 810 P.2d 680, 713 (1991) (affirming denial of post-conviction petitioner's request for appointment of an additional attorney to provide expert testimony) (overruled on other grounds by *State v. Card*, 121 Idaho 425, 825 P.2d 1081 (1991)). In most cases, the court can determine whether defense counsel's challenged acts or omissions amounted to deficient performance without expert opinion from another lawyer. Thus, the court's focus on the fact that Taylor failed to present expert testimony was misplaced. However, again we point out that an appellate court may affirm a lower court's decision on a legal theory different from the one applied by that court. *State v. Baxter*, 144 Idaho 672, 679, 168 P.3d 1019, 1026 (Ct.App.2007).

■ In order to prevail in a post-conviction proceeding, the applicant must prove the allegations by a preponderance of the evidence. I.C. § 19–4907; *Stuart v. State*, 118 Idaho 865, 801 P.2d 1216 (1990). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Russell v. State*, 118 Idaho 65, 794 P.2d 654 (Ct.App.1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Larkin v. State*, 115 Idaho 72, 764 P.2d 439 (Ct.App.1988). We exercise free review of the district court's application of the relevant law to the facts. *Nellsch v. State*, 122 Idaho 426, 434, 835 P.2d 661, 669 (Ct.App.1992).

A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray v. State*, 121 Idaho 918, 924–25, 828 P.2d 1323, 1329–

30 (Ct.App.1992). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient, and that the defendant was prejudiced by the deficiency. *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984); *Hassett v. State,* 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct.App.1995). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State,* 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Id.* at 761, 760 P.2d at 1177. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law or other shortcomings capable of objective evaluation. *Howard v. State,* 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct.App.1994).

That counsel did not secure the update of Taylor's psychosexual evaluation before the court's jurisdiction ceased, does not constitute objectively deficient performance. It is important to note that at the evidentiary hearing, there was no evidence presented as to whether the attorney could have compelled such an examination while Taylor was serving his rider. Thus, it is impossible to determine whether a request from counsel to "speed up" the process would have made a difference in the ultimate outcome. Furthermore, the record shows that the court's main concern at sentencing, and in obtaining an updated psychosexual evaluation, was that Taylor admit to his culpability in the crime. In fact, Taylor ultimately did so as noted in the addendum to the presentence investigation report that was timely submitted to the court and brought to the attention of the district court by counsel prior to the court losing jurisdiction. Thus, counsel succeeded in presenting to the court the key information regarding Taylor's amenability to probation within the 180-day period of retained jurisdiction. The district court did not err in denying Taylor's ineffective assistance of counsel claim.

## III.

### CONCLUSION

The district court erred in granting Taylor credit for time served while he was not incarcerated. Accordingly, the order of the district court granting Taylor credit for time served is reversed. The district court did not err in determining that Taylor's due process rights were not violated by scheduling a rider review hearing beyond the 180-day retained jurisdiction period or in determining that counsel was not ineffective in securing an updated psychosexual evaluation within that same time frame. Accordingly, the orders of the district court denying Taylor's petition for post-conviction relief are affirmed.

Judge LANSING and Judge Pro Tem WALTERS concur.