**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37719**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2011 Unpublished Opinion No. 334 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 26, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JARED D. BATEMAN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Order denying I.C.R. 35 motion for correction of illegal of sentence, affirmed.

Molly J. Huskey, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

Jared D. Bateman pled guilty to lewd conduct with a minor under the age of sixteen. I.C. § 18-1508. The district court sentenced Bateman to a unified term of ten years, with a minimum period of confinement of four years. The district court retained jurisdiction, suspended Bateman's sentence, and placed him on probation. Bateman's probation was thereafter revoked, Bateman filed an I.C.R 35 motion for correction of an illegal sentence, which the district court denied.

On appeal, Bateman asserts that he is entitled to credit for time served while he was on probation. Idaho Code Section 18-309 provides, in pertinent part:

> In computing the term of imprisonment, the person against whom the judgment was entered, shall receive credit in the judgment for any period of

1

incarceration prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered. The remainder of the term commences upon the pronouncement of sentence and if thereafter, during such term, the defendant by any legal means is temporarily released from such imprisonment and subsequently returned thereto, the time during which he was at large must not be computed as part of such term.

A claim that credit was not properly given for time served is a claim that the sentence is illegal since the sentence would have been imposed in violation of I.C. § 18-309. *State v. Rodriguez*, 119 Idaho 895, 897, 811 P.2d 505, 507 (Ct. App. 1991). Whether the district court properly applied I.C. § 18-309 to the facts of the case involves a question of law. *State v. Dorr*, 120 Idaho 441, 443, 816 P.2d 998, 1000 (Ct. App. 1991). Over questions of law, we exercise free review. *State v. O'Neill*, 118 Idaho 244, 245, 796 P.2d 121, 122 (1990).

In his appellant's brief, Bateman acknowledges the language of I.C. § 18-309 and this Court's holding in *State v. Taylor,* 145 Idaho 866, 187 P.3d 1241 (Ct. App. 2008). However, he asserts that failing to give him credit for time served on probation results in an illegal increase in his sentence. When a trial court "has initially sentenced a criminal defendant to a definite term of imprisonment, but has suspended the sentence and granted probation, it may not later upon revocation of probation set aside that sentence and increase the term of imprisonment." *State v. Pedraza*, 101 Idaho 440, 443, 614 P.2d 980, 983 (1980). In this case, upon revocation of Bateman's probation, the district court ordered execution of the underlying sentence of ten years, with a minimum period of confinement of four years. The district court did not set aside Bateman's original sentence or increase the original term of imprisonment. Idaho Code Section 18-309 only allows credit for time served while being incarcerated and, as established above, Bateman's time spent at liberty does not qualify. Accordingly, we conclude no abuse of discretion has been shown and the district court's order denying Bateman's Rule 35 motion is affirmed.