# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 39223

| | |
|---|---|
| STATE OF IDAHO, | 2012 Unpublished Opinion No. 376 |
| Plaintiff-Respondent, | Filed: February 27, 2012 |
| v. | Stephen W. Kenyon, Clerk |
| MARCOS RAFAEL SOTO, | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT |
| Defendant-Appellant. | BE CITED AS AUTHORITY |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Michael R. Crabtree, District Judge.

Order denying motion for credit for time served while on probation, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jason M. Gray, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LANSING, Judge;
and GUTIERREZ, Judge

_____

PER CURIAM

Marcos Rafael Soto pled guilty to aggravated battery, Idaho Code §§ 18-903, 18-907(1)(a), and the district court imposed a unified thirteen-year sentence with a ten-year determinate term, but after a period of retained jurisdiction, suspended the sentence and placed Soto on supervised probation. Subsequently, Soto admitted to violating the terms of his probation, and the district court consequently revoked probation and ordered execution of the original sentence. Pursuant to Soto's oral Idaho Criminal Rule 35 motion requesting a reduction of sentence, the district court reduced the determinate term of Soto's sentence to six years. Soto filed a motion for credit for time served requesting credit for the 348 days of pretrial detention and a second Rule 35 motion for reduction of sentence. The district court denied the Rule 35 motion, but granted Soto's motion for credit for time served. Thereafter, Soto filed a pro se

1

motion for credit for time served requesting credit for time served while on probation, which Soto calculated to be 578 days. The district court denied the motion. Soto appeals, contending the district court erred by denying his motion for credit for time served while on probation.

A defendant is not entitled to credit for time served while on probation and not incarcerated. *State v. Banks*, 121 Idaho 608, 609, 826 P.2d 1320, 1321 (1992); *Taylor v. State*, 145 Idaho 866, 869, 187 P.3d 1241, 1244 (Ct. App. 2008); *State v. Climer*, 127 Idaho 20, 23, 896 P.2d 346, 349 (Ct. App. 1995); *State v. Sutton*, 113 Idaho 832, 834, 748 P.2d 416, 418 (Ct. App. 1987); I.C. § 19-2603. However, Soto claims that although "mindful of the language of I.C. §§ 18-309 and 19-2603, as interpreted by the courts," he should be entitled to credit for time served on probation because the phrase "at large" is ambiguous. Soto asserts that as a probationer he was not "at large" as he was restrained in his actions and controlled by several State entities. This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history, or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67.

A review of the statutory language demonstrates that Soto's argument is unpersuasive. Idaho Code § 18-309 states:

> In computing the term of imprisonment, the person against whom the judgment was entered, shall receive credit in the judgment for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered. The remainder of the term commences upon the pronouncement of sentence and if thereafter, during such term, the defendant by any legal means is temporarily released from such imprisonment and subsequently returned thereto, the time during which he was at large must not be computed as part of such term.

Soto argues that "at large" is akin to absconding, and at the very least, the phrase is ambiguous. However, the phrase "by any legal means" modifies "at large." Thus, under I.C. § 18-309, a person can only be "at large" after they have been temporarily released by legal means, e.g.,

2

probation. Since the statute unambiguously states that time served while on probation cannot be computed as part of the overall incarceration term, the district court's order denying Soto's motion for credit for time served while on probation and not incarcerated is affirmed.