**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40702**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2014 Unpublished Opinion No. 430** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: March 27, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **DENNIS E. ABBOTT,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Order denying motion to reconsider order denying motion for credit for time served, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.
_____

GUTIERREZ, Chief Judge

Dennis E. Abbott appeals from the district court's order denying Abbott's motion to reconsider the order denying his motion for credit for time served while he was on probation. Generally, Abbott argues the district court erred by denying his motion to reconsider because Abbott was never truly "at large" while on probation. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

In 1986, Abbott was convicted of lewd conduct with a minor under sixteen. The district court sentenced Abbott to an indeterminate life sentence and retained jurisdiction for 120 days. At the conclusion of the period of retained jurisdiction, the district court reduced the indeterminate sentence to forty years, suspended the forty-year sentence, and placed Abbott on probation. In 1988, upon finding Abbott violated the terms of his probation, the district court revoked probation and executed the indeterminate forty-year sentence.

1

In 2006, Abbott filed an Idaho Criminal Rule 35 motion to correct an illegal sentence and a motion for credit for time served, seeking credit for time he served on probation. The district court denied both motions, and Abbott filed a timely notice of appeal. In an unpublished opinion, this Court affirmed the district court's denial of Abbott's Rule 35 motion and motion for credit for time served. *See State v. Abbott*, Docket No. 33216 (Ct. App. Mar. 8, 2007).

In 2012, Abbott filed another motion for credit for time served. In the motion, Abbott requested that the district court credit his sentence for the entire 729-day period he was on probation.[1] The district court denied Abbott's motion, citing to Idaho Code §§ 18-309 and 20-209A, and *Taylor v. State*, 145 Idaho 866, 869-70, 187 P.3d 1241, 1244-45 (Ct. App. 2008) as authority stating a defendant is not entitled to credit for time served while on probation. Abbott then moved the district court to reconsider its denial of Abbott's motion for credit for time served. The district court denied the motion without a hearing. Abbott timely appeals from the order denying his motion to reconsider.

## II.

## ANALYSIS

Abbott alleges the district court erred by denying him credit for time served on probation. Whether the trial court properly applied the law governing credit for time served is a question of law over which we exercise free review. *State v. Vasquez*, 142 Idaho 67, 68, 122 P.3d 1167, 1168 (Ct. App. 2005); *State v. Brashier*, 130 Idaho 112, 113, 937 P.2d 424, 425 (Ct. App. 1997). We defer to the trial court's findings of fact, unless those findings are unsupported by substantial and competent evidence in the record and are therefore clearly erroneous. *State v. DuValt*, 131 Idaho 550, 552-53, 961 P.2d 641, 643-44 (1998); *State v. Davis*, 139 Idaho 731, 734, 85 P.3d 1130, 1133 (Ct. App. 2003).

Abbott's argument focuses on the term "at large" in Idaho Code § 18-309. This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*,

---

[1]     Abbott previously requested 720 days credit for time served. *State v. Abbott*, Docket No. 33216 (Ct. App. Mar. 8, 2007). It is unclear where the requested additional nine-day credit originates from.

134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history, or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67.

Idaho Code § 18-309 governs when credit for time served must be given:

> In computing the term of imprisonment, the person against whom the judgment was entered, shall receive credit in the judgment for any period of *incarceration* prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered. The remainder of the term commences upon the pronouncement of sentence and if thereafter, during such term, the defendant by any legal means is temporarily released from such *imprisonment* and subsequently returned thereto, *the time during which he was at large must not be computed as part of such term.*

(Emphasis added.) Abbot asserts that "at large," as referenced in section 18-309, should be construed as living without restriction. He argues that he was restricted by the Department of Correction and was not free to do what he wanted with his time and money in the same way a law-abiding citizen would be able to, such as being required to submit to and pay for supervision as a condition of probation. Abbott claims that living with these restrictions did not allow him the opportunity to live "at large." Since he was not "at large," Abbot contends he should be credited for the 729 days he spent on probation even though he was not incarcerated during that time.

Abbott's argument is inconsistent with the established law concerning credit for time served. Section 18-309 awards credit for periods of incarceration, if the incarceration was for the offense or an included offense for which judgment was entered, not for restrictions on personal liberties. An analogous argument was raised in *State v. Climer*, 127 Idaho 20, 22, 896 P.2d 346, 348 (Ct. App. 1995). In *Climer*, this Court was asked to define the statutory construction of section 18-309 and to determine whether, under the statute, house arrest should be credited as time served due to the deprivation of liberty. This Court declined Climer's argument that incarceration includes all restraints of personal liberty and concluded that incarceration means to confine in a prison or jail. *Climer*, 127 Idaho at 23, 896 P.2d at 349.

In this case, Abbott's personal liberties were restrained due to the conditions of probation. The restraint on Abbott's personal liberties did not affect his status of being "at large" while on probation because he was not confined to a prison or jail. Accordingly, incarceration is

3

not synonymous with probation.[2]  Since credit is awarded only for periods of incarceration, and Abbott was not incarcerated, he is not entitled to credit for time served while on probation. *Taylor*, 145 Idaho at 869-70, 187 P.3d at 1244-45; *Climer*, 127 Idaho at 24, 896 P.2d at 350; *State v. Sutton*, 113 Idaho 832, 834, 748 P.2d 416, 418 (Ct. App. 1987).  We conclude the district court did not err by denying Abbott's motion to reconsider the district court's order denying Abbott's motion for credit for time served while he was on probation.  Accordingly, we affirm the order of the district court denying Abbott's motion for reconsideration.

Judge GRATTON and Judge MELANSON **CONCUR.**

---

[2]      Incarceration is "[t]he act or process of confining someone; imprisonment."  BLACK'S LAW DICTIONARY 775 (8th ed. 2004). Probation is "a court-imposed criminal sentence that, subject to stated conditions, releases a convicted person into the community instead of sending the criminal to jail or prison." *Id*. at 1240.