# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 41173

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Opinion No. 96 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 12, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ROBERT LOUIS STEVENSON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick H. Owen, District Judge.

Order denying motion for credit for time served, <u>affirmed;</u> and order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed.</u>

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

Robert Louis Stevenson appeals from the district court's order denying his motion for credit for time served on probation and from its order denying his Idaho Criminal Rule 35 motion for reduction of sentence. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Stevenson pled guilty to aggravated assault, Idaho Code §§ 18-901(b), 905(a), and use of a deadly weapon during the commission of a crime, I.C. § 19-2520. The district court imposed a unified eight-year sentence with a two-year determinate term, but suspended the sentence and placed Stevenson on probation. Subsequently, Stevenson was found to have violated several terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence, but retained jurisdiction. Following the period of retained jurisdiction, the district court relinquished jurisdiction. Subsequently, Stevenson filed an

1

I.C.R. 35 motion for a reduction of sentence and a separate motion for credit for time served on probation, both of which the district court denied. Stevenson appeals the denial of his two motions.

After filing this appeal, and before assignment to this Court, Stevenson filed a motion to augment the record with additional transcripts. The State filed an objection, and the Idaho Supreme Court denied the motion.

On appeal, Stevenson argues that the district court erred in denying his motion for credit for time served while on probation because probation is not a "temporary" release and because he was never truly "at large" while on probation. Stevenson also contends that the Idaho Supreme Court denied him due process and equal protection by denying his motion to augment the record. Finally, Stevenson asserts that the district court abused its discretion in denying his Rule 35 motion for a reduction of sentence.

## II.

## ANALYSIS

### A.    Denial of Motion for Credit for Time Served on Probation

Whether the trial court properly applied the law governing credit for time served is a question of law over which we exercise free review. *State v. Vasquez*, 142 Idaho 67, 68, 122 P.3d 1167, 1168 (Ct. App. 2005); *State v. Brashier*, 130 Idaho 112, 113, 937 P.2d 424, 425 (Ct. App. 1997). We defer to the trial court's findings of fact, unless those findings are unsupported by substantial and competent evidence in the record and are therefore clearly erroneous. *State v. DuValt*, 131 Idaho 550, 552-53, 961 P.2d 641, 643-44 (1998); *State v. Davis*, 139 Idaho 731, 734, 85 P.3d 1130, 1133 (Ct. App. 2003).

Stevenson argues that he should be granted credit for time served while he was on probation, focusing on the definition of the terms "temporarily released" and "at large" in I.C. § 18-309, or in the alternative that there is ambiguity and the rule of lenity should apply. This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If

2

the language is clear and unambiguous, there is no occasion for the court to resort to legislative history, or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). To ascertain such intent, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute and its legislative history. *Id.*

> Under Idaho law, credit for time served is awarded only for periods of *incarceration*:

>> In computing the term of *imprisonment*, the person against whom the judgment was entered, shall receive credit in the judgment for any period of *incarceration* prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered. The remainder of the term commences upon the pronouncement of sentence and if thereafter, during such term, the defendant by any legal means is temporarily released from such *imprisonment* and subsequently returned thereto, the time during which he was at large must not be computed as part of such term.

I.C. § 18-309 (emphasis added). *See also* I.C. § 20-209A ("time during which the person is voluntarily absent from the penitentiary, jail, facility under the control of the board of correction, or from the custody of an officer after his sentence, shall not be estimated or counted as a part of the term for which he was sentenced"); *Taylor v. State*, 145 Idaho 866, 869, 187 P.3d 1241, 1244 (Ct. App. 2008) (I.C. § 18-309 "notably does not base credit on any factor other than actual incarceration").[1] Read in context and in conjunction with other Idaho law, I.C. § 18-309

---

[1] The more applicable statute in this instance is Idaho Code § 19-2603, which governs suspended sentences and the execution of judgment after a probation violation has been found:

> [I]f judgment was originally pronounced but suspended, the original judgment shall be in full force and effect and may be executed according to law, and *the time such person shall have been at large under such suspended sentence shall not be counted as a part of the term of his sentence*, but the time of the defendant's sentence shall count from the date of service of such bench warrant.

(Emphasis added.)

unambiguously applies to the computation of credit only for periods of actual incarceration.[2] There is no dispute that Stevenson was not incarcerated while he was on probation.

Stevenson further asserts that he should be granted credit for the time he spent on probation because he was never truly "at large" while on probation. He argues that "at large," as referenced in I.C. § 18-309, should be construed as living without restriction and contends that he was restricted by the Department of Correction in that he was required to waive certain rights as a condition of probation and he was not free to do what he wanted with his time and money in the same way a law-abiding citizen could. Stevenson claims that living with these restrictions did not allow him the opportunity to live "at large" and, since he was not "at large," that he should be credited for the time he spent on probation even though he was not incarcerated during that time. A similar argument was raised in *State v. Climer*, 127 Idaho 20, 22, 896 P.2d 346, 348 (Ct. App. 1995), wherein Climber asserted that house arrest constitutes incarceration and should be credited as time served "because the key element of incarceration is the deprivation of liberty, not necessarily confinement in a jail or prison." This Court declined Climer's argument that incarceration includes all restraints of personal liberty and concluded that incarceration means to confine in a prison or jail. *Id.* at 23, 896 P.2d at 349.

In this case, Stevenson's personal liberties were restrained due to the conditions of probation. The restraint on Stevenson's personal liberties did not affect his status of being "at large" while on probation because he was not confined to a prison or jail. Accordingly, incarceration is not synonymous with probation. Since credit is awarded only for periods of incarceration, and Stevenson was not incarcerated, he is not entitled to credit for the time during which his sentence was suspended and he was on probation. *Taylor*, 145 Idaho at 869-70, 187 P.3d at 1244-45; *Climer*, 127 Idaho at 24, 896 P.2d at 350; *State v. Sutton*, 113 Idaho 832, 834, 748 P.2d 416, 418 (Ct. App. 1987). The rule of lenity does not apply here, because I.C. § 18-309 is plain and unambiguous in that it applies only to credit for time served while incarcerated, and it is undisputed that Stevenson was not incarcerated. We conclude the district court did not err by denying Stevenson's motion for credit for time served while he was on probation.

---

[2] Incarceration is "[t]he act or process of confining someone; imprisonment." BLACK'S LAW DICTIONARY 775 (8th ed. 2004). Probation, on the other hand, is "a court-imposed criminal sentence that, subject to stated conditions, releases a convicted person into the community instead of sending the criminal to jail or prison." *Id.* at 1240.

**B.      Denial of Motion to Augment Record**

Stevenson asks this Court to hold that the Idaho Supreme Court deprived him of due process, equal protection, and effective assistance of counsel when it denied his motion to augment the record. We do not, however, have the authority to review and, in effect, reverse an Idaho Supreme Court decision on a motion made prior to assignment of the case to this Court on the ground that the Supreme Court decision was contrary to the state or federal constitutions or other law. *See State v. Morgan*, 153 Idaho 618, 620, 288 P.3d 835, 837 (Ct. App. 2012). Such an undertaking would be tantamount to the Court of Appeals entertaining an appeal from an Idaho Supreme Court decision and is plainly beyond the purview of this Court. *Id.* If a motion is renewed by the movant and new information or a new or expanded basis for the motion is presented to this Court that was not presented to the Supreme Court, we deem it within the authority of this Court to evaluate and rule on the renewed motion in the exercise of our responsibility to address all aspects of an appeal from the time of assignment to this Court. *Id.* Such may occur if the appellant's or respondent's briefs have refined, clarified, or expanded issues on appeal in such a way as to demonstrate the need for additional records or transcripts, or where new evidence is presented to support a renewed motion. *Id.*

Stevenson has not filed with this Court a renewed motion to augment the record or presented to this Court in his briefing any significant new facts or a new justification for augmentation beyond that already advanced in his motion to the Supreme Court. In essence, Stevenson asks us to determine that the Idaho Supreme Court violated constitutional law by denying his motion. Stevenson had an opportunity to present his constitutional arguments to the Supreme Court and that Court denied his motion. He has no right to appeal that denial to the Idaho Court of Appeals, and we have no authority to consider such an appeal. The matters that may be appealed in a criminal case are delineated in Idaho Appellate Rule 11(c). That list does not include interlocutory orders of the Idaho Supreme Court made during the pendency of an appeal. Rather, Rule 11(c) authorizes appeals only from judgments and orders of the district court in a criminal action. Because Stevenson has no right to appeal the Supreme Court's interlocutory orders, he cannot be deprived of due process by this Court's lack of authority to review those orders.

**C.     Denial of Motion for Reduction of Sentence**

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984). Upon review of the record, including any new information submitted with Stevenson's Rule 35 motion, we conclude no abuse of discretion has been shown. Therefore, the district court's order denying Stevenson's Rule 35 motion is affirmed.

## III.
## CONCLUSION

We conclude the district court did not err by denying Stevenson's motion for credit for time served. We also conclude that the district court did not abuse its discretion by denying Stevenson's Rule 35 motion for a reduction of sentence. Accordingly, the orders of the district court denying Stevenson's motion for credit for time served and his motion for a reduction of sentence are affirmed.

Judge GRATTON and Judge MELANSON, **CONCUR**.

6