## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 44044 & 44045

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2017 Unpublished Opinion No. 406 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 20, 2017 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| RANDAL GENE PORATH, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Barbara A. Buchanan, District Judge.

Order denying motion for credit for time served, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Randal Gene Porath appeals from the district court's order denying his motion for credit for time served. Porath argues the district court erred by not ruling on his motion for appointment of counsel before the court denied Porath's motion for credit for time served. The State responds that the district court did not err, but if it did, any error is harmless. Although the district court erred by failing to rule on Porath's motion for appointment of counsel, the error was harmless because Porath's motion for credit for time served was frivolous. We therefore affirm the district court's denial of Porath's motion for credit for time served.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2013, Porath pleaded guilty to felony possession of methamphetamine in violation of Idaho Code § 37-2732(c)(1). (2013 case). The district court sentenced Porath to a unified sentence of four years, with two years determinate. The court credited Porath with fifty-seven

1

days of pretrial incarceration, suspended his sentence, and placed Porath on unsupervised probation for two and one-half years. Porath transferred his unsupervised probation to Montana where he was already on supervised probation.

In 2014, after returning from Montana, the State charged Porath with felony possession of methamphetamine in violation of I.C. § 37-2732(c)(1) in an unrelated case (2014 case) resulting in an allegation of probation violation in his 2013 case. Pursuant to a plea agreement, Porath admitted to violating probation in the 2013 case and pleaded guilty to the 2014 felony possession charge. In the 2013 case, the district court revoked probation and executed the underlying sentence. In the 2014 case, the district court imposed a unified sentence of five years, with two years determinate, to be served concurrently with the 2013 case. Porath received zero days' credit for time served in the 2014 case.

Thereafter, in both the 2013 and the 2014 case, Porath filed one Idaho Criminal Rule 35 motion for reconsideration of the sentence requesting leniency which included both case numbers.[1] After a hearing, the district court denied the motion. One year later, Porath filed another I.C.R. 35 motion which included both case numbers where he argued his sentences are illegal.[2] In the motion, Porath argued he was "not at large and should be fully eligible to receive his street time on probation as well as the 90 days confinement during his probationary period." Porath also filed one motion and affidavit in support for appointment of counsel with both case numbers. The district court issued one order which denied the I.C.R. 35 motion and explained that Porath was not illegally denied credit for time served in either case. In the order, the district court did not address Porath's motion for appointment of counsel. Porath timely appeals from the order denying his motion for credit for time served.

## II.

## STANDARD OF REVIEW

A criminal defendant has the statutory right to counsel at all critical stages of the criminal process, including pursuit of an I.C.R. 35 motion. I.C. §§ 19-851, 19-852; I.C.R. 44; *State v. Wade*, 125 Idaho 522, 523, 873 P.2d 167, 168 (Ct. App. 1994). However, a district court may

---

[1] Although not clearly specified, Porath's motion was a motion for leniency and, therefore, was filed pursuant to Idaho Criminal Rule 35(b).

[2] Porath's second I.C.R. 35 motion was a claim his sentences were illegal--an I.C.R. 35(a) claim. But, the substance of his claim was that he did not receive credit for time served in violation of I.C.R. 35(c).

2

deny appointment of counsel if it finds the motion is frivolous. I.C. § 19-852(2)(c). A motion is frivolous if a reasonable person with adequate means would not be willing to bring the motion at his or her own expense. *Id.* Whether a motion is frivolous for purposes of appointment of counsel is a question of law that we review de novo. *State v. Carter*, 157 Idaho 900, 902, 341 P.3d 1269, 1271 (Ct. App. 2014).

We exercise free review when the issue is whether the district court properly applied the law governing credit for time served. *State v. Covert*, 143 Idaho 169, 170, 139 P.3d 771, 772 (Ct. App. 2006). We defer to the trial court's findings of fact "unless those findings are unsupported by substantial and competent evidence in the record and are therefore clearly erroneous." *Id*. Whether the district court properly applied this statutory provision to the facts in this case is a question of law, which we freely review. *State v. Dorr*, 120 Idaho 441, 443-44, 816 P.2d 998, 1000-01 (Ct. App. 1991).

The award of credit for time served is governed by I.C. § 18-309. The language of I.C. § 18-309 is mandatory and requires that, in sentencing a criminal defendant or when hearing an I.C.R. 35(c) motion for credit for time served, the court shall give the appropriate credit for prejudgment incarceration. *State v. Moore*, 156 Idaho 17, 20-21, 319 P.3d 501, 504-05 (Ct. App. 2014). This means that the defendant is entitled to credit for all time spent incarcerated before judgment. *Id.* at 21, 319 P.3d at 505. The converse is also true--the defendant is not entitled to credit under I.C. § 18-309 for any time not actually spent incarcerated before judgment. *Id. See also Taylor v. State*, 145 Idaho 866, 869, 187 P.3d 1241, 1244 (Ct. App. 2008). Accordingly, a district court may only give credit for the correct amount of time actually served by the defendant prior to imposition of judgment in the case; the district court does not have discretion to award credit for time served that is either more or less than that. *Moore*, 156 Idaho at 21, 319 P.3d at 505. Thus, the defendant is entitled to credit for time actually served prior to entry of judgment in the case. *Id.*

### III.

### ANALYSIS

Porath argues the district court erred because it addressed Porath's I.C.R. 35 motion without first addressing his motion for appointment of counsel. He further argues the district court erred in dismissing his claim because it had colorable merit. The colorable merit, he argues, arises because: 1) the court did not impose any jail time as a condition of probation; and

3

2) the court relied on a stipulation that did not exist. According to Porath, because his claim had "colorable merit," any error by the district court was not harmless. The State responds that Porath's I.C.R. 35 motion was frivolous and, therefore, the district court did not err by denying the motion without appointing counsel.

**A.    Although the District Court Erred in the 2013 Case When It Failed to Rule on Porath's Request for Counsel, the Error Was Harmless**

Porath alleges that the district court erred in failing to rule on his motion for appointment of counsel before it addressed Porath's I.C.R. 35 motion. Here, the district court did not rule on Porath's request for appointment of counsel before ruling on the merits of the I.C.R. 35 motion; in fact, the district court never ruled on Porath's request for appointment of counsel. Without addressing whether Porath was entitled to counsel, the district court held that Porath was not illegally denied credit for time served on either the 2013 or 2014 case. The district court erred in failing to first address whether Porath was entitled to counsel before ruling on the I.C.R. 35 motion.

However, the error was harmless. Error is not reversible unless it is prejudicial. *State v. Stoddard*, 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct. App. 1983). With limited exceptions, even constitutional error is not necessarily prejudicial error. *Id.* Thus, we examine whether the alleged error complained of in the present case was harmless. *See State v. Lopez*, 141 Idaho 575, 578, 114 P.3d 133, 136 (Ct. App. 2005). Where a defendant meets his or her initial burden of showing that a constitutional violation has occurred, the State has the burden of demonstrating to the appellate court beyond a reasonable doubt that the violation did not contribute to the jury's verdict. *State v. Perry*, 150 Idaho 209, 227-28, 245 P.3d 961, 979-80 (2010). However, where the error in question is a constitutional violation that affects the base structure of the trial to the point that the trial cannot serve its function as a vehicle for the determination of guilt or innocence, the appellate court shall vacate and remand. *Id.* Such structural defects include the complete denial of counsel, a biased trial judge, denial of self-representation, denial of a public trial, defective reasonable doubt instruction, and erroneous deprivation of the right to counsel of choice. *Id.* at 222-23, 245 P.3d at 974-75. Although structural defects require automatic reversal, most constitutional violations will be subject to a harmless error analysis. *Neder v. United States*, 527 U.S. 1, 8 (1999).

To determine if error is harmless, Idaho courts focus on whether the original claim was frivolous. Here, we must determine if the I.C.R. 35 motion was frivolous because if so, the

4

motion would not warrant appointment of counsel and any error in failing to appoint counsel would be harmless. *State v. Wade*, 125 Idaho 522, 525, 873 P.2d 167, 170 (Ct. App. 1994). An I.C.R. 35 motion is frivolous if it is not a proceeding that a reasonable person with adequate means would be willing to bring at his or her own expense. I.C. § 18-852(c). In determining whether the motion is frivolous pursuant to I.C. § 18-852(c), this Court will examine the contents of the motion itself and any accompanying documentation that may support the motion. *Wade*, 125 Idaho at 525, 873 P.2d at 170. The issue is one of law which we freely review. *Id.*

In his I.C.R. 35 motion, Porath argued his sentence was illegal for the following reason: "[T]he defendant in this case was not at large and should be fully eligible to receive his street time on probation as well as the 90 days confinement during his probationary period." This statement contains two different claims for credit for time served: (1) "street time;" and (2) "90 days confinement." We begin with the issue of Porath's "street time."

The request to receive credit for "street time" is clearly frivolous. A defendant is not entitled to credit for time served if he is not actually incarcerated before judgment. *Taylor*, 145 Idaho at 869, 187 P.3d at 1244. Porath was not incarcerated during the "street time," for which he seeks credit and, therefore, Porath is not entitled to credit for time served. Since the motion with regard to street time was frivolous, any error by the district court in this regard is harmless.

Porath also requested credit for time served for the "90 days confinement during his probationary period." Porath has not met his burden to demonstrate that his I.C.R. 35(c) motion was a motion that a reasonable person of adequate means would pursue. The record indicates Porath received unsupervised probation in Idaho because the district court was aware that Porath was already on felony supervised probation in Montana. Porath claims he spent ninety days in custody during his time spent in Montana, but he did not allege any facts to support his claim that the time spent in custody in Montana related to his Idaho case. Instead, Porath broadly argues that because he was incarcerated for some unspecified reason while on felony supervised probation in Montana, he has presented a colorable claim of merit as it relates to the 2013 case. We disagree. The record provides no information regarding this alleged time in custody or any possible link to Porath's 2013 case. Without this information and with only Porath's unsworn allegation, we cannot conclude that Porath raised the possibility of a valid claim. Since Porath did not satisfy his burden on appeal, any error in the district court's holding was harmless.

**B.** **In the 2014 Case, the District Court Did Not Err When It Did Not Rule on Porath's Motion for Appointment of Counsel**

As discussed above, the failure to appoint counsel was error, but in the 2014, the error was harmless because the motion was clearly frivolous. The district court did not err when it failed to rule on Porath's motion for appointment of counsel in the 2014 case before denying Porath's motion because Porath's I.C.R. 35(c) motion was clearly frivolous as it relates to the 2014 case. Porath asserts he has a constitutional right to counsel at all critical stages of trial. However, Porath asked only for credit for time served in relation to the 2013 case, and not the 2014 case. In fact, Porath was not requesting any credit for time served in the 2014 case. The district court issued a sentence that was well within the sentencing guidelines and thus, was not illegal on that ground. Therefore, Porath's I.C.R. 35 motion was completely frivolous as it relates to the 2014 case and he has failed to demonstrate error by the district court.

## IV.

## CONCLUSION

The district court erred when it failed to rule on Porath's request for appointment of counsel before it denied Porath's motion for credit for time served. However, the court's error was harmless. Porath's motion for credit for time served failed to provide sufficient information for the 2013 case and was clearly frivolous for the 2014 case. Thus, in each case, Porath did not satisfy his burden on appeal and we conclude the district court's error was harmless. The order denying credit for time served is affirmed.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR**.